# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GOODMAN DISTRIBUTION, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-CV-806 CAS |
| MARY A. HAAF, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on attorneys David R. Bohm, Jeffery R. Schmitt, and the law firm of Danna McKitrick, P.C.'s motion for the imposition of a withdrawal notice period. For the following reasons, the Court will grant the motion.

### I. Background

Plaintiff Goodman Distributing, Inc. ("Goodman") brings three state law claims against defendants Mary Haaf and Herb Haaf Heating and Cooling, Inc. ("Herb Haaf, Inc.") for fraud, money had and received, and breach of contract based on allegations that defendants submitted fraudulent warranty claims to Goodman. Plaintiff asserts this Court has subject matter jurisdiction over its claims pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.00. In response to the complaint, defendants filed a motion to dismiss and motion to transfer venue, both of which the Court denied. On November 23, 2010, after being granted an extension, defendants filed their answer to the complaint. Herb Haaf, Inc. also filed a two-count counterclaim against Goodman for breach of implied warranties. Counter defendant Goodman moved to dismiss Count II of the counterclaim, which Herb Haaf, Inc. voluntarily dismissed. Goodman answered Count I of the counterclaim on December 14, 2010.

On March 25, 2011, counsel for defendants and the counter-claimant filed a motion to withdraw from its representation. The Court denied the motion without prejudice on April 5, 2011. On May 31, 2011, pursuant to the Case Management Order entered in this case, the Court referred the parties to mediation. On June 13, 2011, Mary Haaf and Herb Haaf, Inc., with the consent of Goodman, filed a motion set aside the mediation referral. In their motion, Mary Haaf and Herb Haaf, Inc. stated that they had insufficient resources to pay a mediator's fees and that parties had agreed to meet for a "face-to-face negotiating session to try and work out settlement in this case." See Doc. 46 at 1. The Court granted the motion and vacated the mediation referral order. As of today's date, the parties have not informed the Court that they have reached a settlement, and the case is set for trial on February 6, 2012.

On December 20, 2011, attorneys David R. Bohm, Jeffery R. Schmitt, and the law firm of Danna McKitrick, P.C. ("defense counsel") filed the instant motion to withdraw, which they filed under seal. Defense counsel states that despite having entered into a written fee agreement and engagement letter, their clients, Mary Haaf and Herb Haaf, Inc., have failed to pay their attorneys' fees since December 3, 2010. Attached to the motion is correspondence addressed Mary Haaf and Herb Haaf, Inc., in which defense counsel asked for payment of their fees and warned that defense counsel would move to withdraw if they did not receive some payment. Also attached to the motion is e-mail correspondence between Ms. Haaf and David Bohm. Within the e-mail correspondence there is evidence that the attorney-client relationship has broken down. In their motion, defense counsel also aver that despite repeated efforts to do so, they have not been allowed to speak with the president of Herb Haaf, Inc., Michael Haaf, who is Ms. Haaf's son, and this has hindered their representation. Further, defense counsel states that Mary Haaf's and Herb Haaf, Inc.'s failure to pay their fees has and will cause an undue hardship for defense counsel and their law firm, especially if they are required to take this case to trial.

2

## II. Discussion

Generally, this Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client. This general rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents. A corporation cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct adopted by the State of Missouri, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Rules of Professional Conduct 4-1.16(b). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

In this action, the Court finds that Mary Haaf and Herb Haaf, Inc. have not paid their attorneys' fees in violation of their agreement with defense counsel. Defense counsel has repeatedly asked to be paid and informed Mary Haaf and Herb Haaf, Inc., that defense counsel would seek leave to withdraw if payment was not received. There is no reason to believe that Mary Haaf and Herb Haaf, Inc. will obtain substitute counsel or pay their attorneys' fees if the Court denies defense counsel's motion to withdraw. A Case Management Order was issued on November 9, 2010, and this case is set for trial on February 6, 2012. Defense counsel has already incurred expenses and there would be additional expenses incurred preparing for and attending the upcoming trial.

> It simply expects too much of counsel to expend the additional energy necessary to
>
> go to trial, and to front necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

Rivera-Domenech v. Calvesbert Law Offices PSC, 402 F.3d 246, 249 (1st Cir. 2005) (citing Lieberman v. Polytop Corp., 2 F. App'x 37, 39-40 (1st Cir. 2001) (unpublished) (per curiam)). "Litigants have no right to free legal aid" and corporations do not have the benefit of proceeding in forma pauperis. Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002) (citing Rowland, 506 U.S. at 196) (only a natural person may qualify for treatment in forma paupers under 28 U.S.C. § 1915)). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to retain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

### III. Conclusion

In light of the foregoing, the Court will grant defense counsel's motion for imposition of a withdrawal notice period and order Mary Haaf and Herb Haaf, Inc. to find substitute counsel no later than February 10, 2012. If Herb Haaf, Inc. fails to obtain substitute counsel within that time, the Court will strike its pleadings, including its counterclaim, and Herb Haaf, Inc. may be subject to a default judgment in favor of plaintiff Goodman. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (defendant was

4

technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). If Mary Haaf fails to obtain substitute counsel within the time allowed, she may be required to proceed to trial pro se, that is, without the assistance of counsel. Defense counsel's request to withdraw from representation of Mary Haaf and Herb Haaf, Inc. will be granted when substitute counsel enters an appearance or on February 10, 2012, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel's motion for the imposition of a withdrawal notice period is **GRANTED**. [Doc. 51]

**IT IS FURTHER ORDERED** that defendant Mary Haaf and defendant/counter-claimant Herb Haaf Heating and Cooling, Inc. shall obtain substitute counsel no later than February 10, 2012.

**IT IS FURTHER ORDERED** that defendant Mary Haaf's and defendant/counter-claimant Herb Haaf Heating and Cooling, Inc.'s substitute counsel shall file an entry of appearance no later than February 10, 2012.

**IT IS FURTHER ORDERED** that defense counsel shall provide a copy of this order to Mary Haaf and the registered agent for Herb Haaf Heating and Cooling, Inc., and file a certification with the Court that this has been done within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that on February 10, 2012, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorneys David R. Bohm, Jeffery R. Schmitt, and the law firm of Danna McKitrick, P.C. to withdraw from their representation of Mary Haaf and Herb Haaf Heating and Cooling, Inc.

**IT IS FURTHER ORDERED** that the February 6, 2012 trial date is hereby **VACATED.** The Court will reset the trial date after the entry of substitute counsel or the expiration of the withdrawal period.

**No extensions of time will be granted with respect to this order.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of December, 2011.