UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GOODMAN DISTRIBUTION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-806 CAS |
| | ) | |
| MARY A. HAAF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before this Court is a letter from defendant Mary Haaf, which the Court has construed as a motion for appointment of counsel. It is unclear from the letter whether Ms. Haaf is requesting counsel only on behalf of herself, or if she is also asking that the Court appoint counsel for the defendant corporation, Herb Haaf Heating & Cooling, Inc. As an initial matter, the Court cannot appoint counsel for a corporation, and in this respect the motion will be denied.[1]

To the extent Ms. Haaf is asking the Court to appoint counsel on her behalf, the motion is denied without prejudice. Counsel can only be appointed for indigent parties, and Ms. Haaf is currently not proceeding in forma pauperis in this case. In order to obtain in forma pauperis status, Ms. Haaf must complete a CJA Form 23 Financial Affidavit and file a motion, at which time the Court will review the application to determine if she meets the qualifications. See 28 U.S.C. § 1915,

---

[1] As stated in an Order dated December 30, 2011, a corporation cannot proceed pro se. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (a corporation cannot appear pro se, and must be represented by counsel). The Court has granted defense counsel's motion for a withdrawal period, and defendant Herb Haaf Heating & Cooling, Inc. has until February 10, 2012, to obtain substitute counsel, or the Court will strike its pleadings, including its counterclaim, and Herb Haaf Heating & Cooling, Inc. may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001).

Local Rule 2.05(A).  If Ms. Haaf does indeed meet the qualifications to proceed in forma pauperis, she may renew her motion for appointment of counsel at that time.  Ms. Haaf should note, however, that appointment of counsel for indigent parties is not automatic.  The appointment of counsel lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases.  See 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added); Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Herb Haaf Heating & Cooling, Inc.'s motion for appointment of counsel is **DENIED.**  [Doc. 57]

**IT IS FURTHER ORDERED** that defendant Mary Haaf's motion for appointment of counsel is **DENIED without prejudice.**  [Doc. 57]

**IT IS FURTHER ORDERED** that the clerk of court shall provide defendant Mary Haaf with a CJA Form 23 Financial Affidavit and a copy of this Order at her address, 601 Mulberry Street, Jefferson City, Missouri, 65101.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   1st   day of February, 2012.