**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GOODMAN DISTRIBUTION, INC.,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | No. 4:10-CV-806 CAS |
| ) | |
| MARY A. HAAF, et al.,      ) | |
| ) | |
| Defendants.      ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defense counsel's motion to withdraw as counsel and plaintiff's motion to strike defendant Herb Haaf Heating and Cooling, Inc.' pleadings, including its answer and counterclaim. Also before the Court is a letter from defendant Mary Haaf, attached to which is a financial affidavit. For the following reasons, the Court will grant defense counsel's motion to withdraw and plaintiff's motion to strike. The Court will also construe defendant Mary Haaf's letter as a motion to proceed in forma pauperis and deny it without prejudice.

*I. Background*

Plaintiff Goodman Distributing, Inc. ("Goodman") brings three state law claims against defendants Mary Haaf and Herb Haaf Heating and Cooling, Inc. ("Herb Haaf, Inc.") for fraud, money had and received, and breach of contract based on allegations that defendants submitted fraudulent warranty claims to Goodman. Defendants answered the complaint, and defendant Herb Haaf, Inc. also filed a two-count counterclaim against Goodman for breach of implied warranties. Herb Haaf, Inc. voluntarily dismissed Count II of the counterclaim, and Goodman answered Count I.

On March 25, 2011, attorneys David R. Bohm, Jeffery R. Schmitt, and the law firm of Danna McKitrick, P.C. ("defense counsel") filed a motion to withdraw from its representation of Herb Haaf

Inc. and Mary Haaf. The Court denied the motion without prejudice on April 5, 2011. On December 20, 2011, defense counsel filed a motion for the imposition of a withdrawal period, which they filed under seal. In support of the motion, defense counsel filed exhibits and affidavits demonstrating that bills had gone unpaid, there were problems with communications, and that there were trust issues such that the attorney-client relationship had broken down. On December 30, 2011, the Court granted defense counsel's motion for a withdrawal period, and ordered defendants Mary Haaf and Herb Haaf, Inc. to obtain substitute counsel no later than February 10, 2012. In its Order, the Court warned because Herb Haaf, Inc. was a corporation, and that if it failed to obtain substitute counsel within that time allowed, the Court would strike its pleadings, including its answer and counterclaim, and Herb Haaf, Inc. might be subject to a default judgment. The Court also stated that if Mary Haaf failed to obtain substitute counsel within the time allowed, she might be required to proceed to trial pro se.

Defense counsel certified that a copy of the Court's December 30, 2011 Order was mailed to Mary Haaf and Herb Haaf, Inc. on January 3, 2012. Herb Haaf, Inc., however, did not respond to the Court's Order. Substitute counsel did not enter an appearance on behalf of Herb Haaf, Inc., and there is no indication whatsoever that Herb Haaf, Inc. has indeed retained new counsel. On January 27, 2012, defendant Mary Haaf mailed a letter to the Court, which was construed as a motion for appointment of counsel. The Court denied the motion without prejudice as to Mary Haaf because she was not proceeding in forma pauperis.[1] Defendant Mary Haaf has since mailed a second letter to the Court, attached to which was a financial affidavit.

---

[1] It was unclear from the letter whether Ms. Haaf was seeking appointment of counsel only on behalf of herself, or if she was also asking that the Court appoint counsel for Herb Haaf, Inc. In its February 1, 2012 Order, the Court stated it could not appoint counsel on behalf of a corporation, and again it warned that if Herb Haaf, Inc. failed to obtain counsel the Court would strike its pleadings, including its answer and counterclaim, and it might be subject to a default judgment in favor of plaintiff.

The withdrawal period has now expired and defense counsel's has again moved to withdraw as counsel. Plaintiff has also filed a motion to strike defendant Herb Haaf Inc.'s pleadings, including its answer and counterclaim.

## *II. Discussion*

For the reasons stated in its December 30, 2011 Order, the Court will grant defense counsel's motion to withdraw from representation of defendants Herb Haaf, Inc. and Mary Haaf. It is clear from the record before the Court that the attorney-client relationship between defense counsel and Herb Haaf, Inc. and Mary Haaf has deteriorated to the point that proper representation is no longer possible.

As for plaintiff's motion to strike Herb Haaf Inc.'s pleadings, including its answer and counterclaim, the motion is well-taken and will be granted. Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2005). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Woods v. K.C. Masterpiece, 2006 WL 1875524, at *1 (E.D. Mo. June 30, 2006). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and

3

orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike defendant Herb Haaf Inc.'s answer and counterclaim.  Despite given proper notice, defendant Herb Haaf, Inc. has not responded to the Court's December 30, 2011 Order.  Herb Haaf, Inc. has failed to obtain substitute counsel in this matter, and there is no indication defendant will comply with the Court's order in the future.

As for defendant Mary Haaf, Ms. Haaf has again sent a letter to the Court.  Attached to the letter is a financial affidavit.  The Court will construe this letter as a motion to proceed in forma pauperis.  The Court has reviewed the financial affidavit attached to the letter and finds it is not complete.  Ms. Haaf states under penalty of perjury that she is employed by Herb Haaf, Inc. and that she receives payment from the company, but she does not indicate how much she earns each month.  The financial affidavit must be complete before the Court will consider a motion to proceed in forma pauperis.[2]  Therefore, the Court will deny the motion without prejudice at this time.

Ms. Haaf is an individual and she may proceed in this case pro se, that is, without the assistance of counsel.  That said, as a pro se party Ms. Haaf must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure).  In the past Ms. Haaf has chosen to communicate with the Court through letters.  The Court will no longer accept letters to the Court and any letters will be returned without consideration or filing.  In the future, Ms. Haaf shall communicate

---

[2]In deciding the issue, the Court did not consider the statements Ms. Haaf made in her letter because they were not made under oath or upon penalty of perjury.

with the Court through written motions and filings, all of which must be properly served on opposing counsel.

Accordingly,

**IT IS HEREBY ORDERED** that David R. Bohm, Jeffery R. Schmitt, and the law firm of Danna McKitrick, P.C.'s motion to withdraw as counsel is **GRANTED.** [Doc. 61]

**IT IS FURTHER ORDERED** that plaintiff Goodman Distribution, Inc.'s motion to strike Herb Haaf Heating and Cooling, Inc.'s pleadings, including its answer and counterclaim is **GRANTED**. [Doc. 59]

**IT IS FURTHER ORDERED** that the answer of defendant Herb Haaf Heating and Cooling, Inc. and the counterclaim of counter-plaintiff Herb Haaf Heating and Cooling, Inc. are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that defendant Mary Haaf's letter to the Court, which the Court construes as a motion to proceed in forma pauperis is **DENIED** without prejudice. [Doc. 60]

**IT IS FURTHER ORDERED** that defendant Mary Haaf shall refrain from communicating with the Court by sending letters or correspondence.  As a pro se party, defendant Mary Haaf shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of April, 2012.