UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GOODMAN DISTRIBUTION, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-CV-806 CAS |
| MARY A. HAAF, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion and amended motion for default judgment against defendant Herb Haaf Heating & Cooling, Inc. ("Herb Haaf, Inc."). Plaintiff's motion is accompanied by an affidavit and exhibits. For the following reasons, the Court will grant plaintiff default judgment in the amount of $61,850.00, against Herb Haaf, Inc.

### *I. Procedural Background*

Plaintiff Goodman Distributing, Inc. ("Goodman") brought three state law claims against defendants Mary Haaf and Herb Haaf, Inc. for fraud, money had and received, and breach of contract based on allegations that defendants submitted fraudulent warranty claims to Goodman.[1]

Defendants answered the complaint, and defendant Herb Haaf, Inc. also filed a two-count counterclaim against Goodman for breach of implied warranties. Herb Haaf, Inc. voluntarily dismissed Count II of the counterclaim, and Goodman answered Count I.

On December 20, 2011, counsel for Mary Haaf and Herb Haaf, Inc. filed a motion for the imposition of a withdrawal period, which they filed under seal. Defense counsel stated that their bills

---

[1] Plaintiff originally brought a claim against Mary Haaf pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). Shortly after filing its complaint, plaintiff voluntarily dismissed its RICO claim. See Doc. 18.

had gone unpaid, there were problems with communications, and there were issues of trust such that the attorney-client relationship had broken down. On December 30, 2011, the Court granted defense counsel's motion for a withdrawal period, and ordered defendants Mary Haaf and Herb Haaf, Inc. to obtain substitute counsel no later than February 10, 2012. In its Order, the Court warned that because Herb Haaf, Inc. was a corporation, if it failed to obtain substitute counsel within the time allowed, the Court would strike its pleadings, including its answer and counterclaim. The Court further warned that Herb Haaf, Inc. might be subject to a default judgment. The Court also stated in its Order that if Mary Haaf failed to obtain substitute counsel within the time allowed, she might be required to proceed to trial pro se.

Herb Haaf, Inc. did not respond to the Court's Order, and ubstitute counsel never entered an appearance on the company's behalf. Following the withdrawal period, the Court granted defense counsel's motion to withdraw. Plaintiff filed a motion to strike Herb Haaf, Inc.'s pleadings, including its answer and counterclaim, which the Court did on April 17, 2012. On May 14, 2012, the Clerk of Court entered default against defendant Herb Haaf, Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Individual defendant Mary Haaf continued to proceed in this matter pro se. On August 7, 2012, plaintiff moved to voluntarily dismiss its claims against Mary Haaf, which the Court granted. Plaintiff filed a motion for default judgment against Herb Haaf, Inc., which it later amended. In its amended motion for default judgment, plaintiff seeks $64,700.00 in damages against defendant Herb Haaf, Inc. for breach of contract and for money had and received.

## II. Discussion

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be

3

proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

The Court takes the allegations plaintiff made in its complaint as true, except for those allegations as to the amount of damages, and finds plaintiff is entitled to default judgment for its state law claims of breach of contract and money had and received.[2] Taylor, 859 F.2d at 1333. n.7 ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted).

### A. Breach of Contract

Goodman is in the business of designing, selling, and distributing heating and air conditioning equipment. Defendant Herb Haaf, Inc. is a dealer and service contractor of heating and air conditioning equipment, and Mary Haaf is an officer, director and technician of the company. The complaint arises from an alleged scheme by Mary Haaf to submit fraudulent warranty claims to Goodman.

Goodman states that at some point in time it recognized that certain service valves on its equipment had a tendency to leak. In response, plaintiff instigated a cap replacement program, under which service technicians would replace existing service valve caps with newly designed o-ring service valve caps. Under the program, Goodman agreed to pay its dealers and service contractors $150.00 for labor costs associated with replacing the caps, and an additional $50.00, if the technician determined the unit was leaking and needed to be refilled or recharged. Under the cap replacement program, technicians were required to have access to the thermostat inside the residence or building.

---

[2] In plaintiff's motion for default judgment and the memorandum in support thereof, plaintiff seeks damages for breach of contract and for money had and received. Plaintiff has not requested damages for fraud (Count II). Because plaintiff did not seek default judgement as to its fraud claim the Court considers plaintiff to have abandoned this claim.

To receive compensation under the program, which was limited to $200.00 per unit, a service contractor or dealer was required to submit a warranty claim for each unit requiring repair by mailing the completed form to Goodman's regional office or its corporate headquarters in Texas.

Goodman alleges defendants devised a scheme to submit false and fraudulent warranty claims. Goodman alleges that between approximately August 21, 2009, and October 16, 2009, Herb Haaf, Inc. submitted over 375 false claims. A list of 377 claims with the claim numbers, unit serial numbers, dates of approval, and check numbers is attached to the complaint as Exhibit B.[3] Goodman alleges these claims were fraudulent in that: the work required to charge the unit was not done; the work performed was not necessary; the unit was no longer under warranty; and/or the maximum $200.00 per unit limit under the cap replacement program had already been paid.

Under Missouri law in order to establish a breach of contract claim, plaintiff must show: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff." Martha's Hands, LLC v. Rothman, 328 S.W.3d 474, 479 (Mo. Ct. App. 2010). The complaint establishes that Goodman and Herb Haaf, Inc. entered into an agreement whereby Goodman agreed to sell air conditioning units to Herb Haaf, Inc. and pay it for any legitimate warranty claims, while Herb Haaf, Inc. agreed to submit legitimate warranty claims for the units it bought, installed, and repaired. In reliance on said agreement, upon receipt of a warranty claim form, Goodman would mail

---

[3]In support of its motion for default judgment, plaintiff attached the affidavit of Dan Hagenhoff, a regional manager for Goodman. Mr. Hagenhoff attests that Herb Haaf, Inc. made 434 warranty claims that were "invalid, illegitimate, and improper." Aside from this assertion, there was no evidence submitted to the Court to support the claim that Herb Haaf, Inc. made 434 fraudulent claims. Based on the record before it, the Court finds that plaintiff has established to the Court's satisfaction that Herb Haaf, Inc. made 377 fraudulent warranty claims that Goodman paid.

5

checks to the dealer or service contractor as compensation for the warranty claims submitted under the cap replacement program.

The complaint also establishes that Herb Haaf, Inc. made at least 377 warranty claims under the cap replacement program, and that 377 of the claims, which Goodman paid, were invalid. In its complaint and motion for default judgment, plaintiff seeks $50.00 for each fraudulent claim that it paid. Taking the facts outlined in the complaint as true, the Court finds that Herb Haaf, Inc. did breach the contract between the parties by submitting false warranty claims. The Court further finds that plaintiff has established through exhibits and an affidavit that the company was damaged in an amount of at least $18,850.00. The Court will award plaintiff damages in the amount of $18,850.00 for its breach of contract claim.

### B. Money Had and Received

Plaintiff also alleges in its complaint that it inadvertently paid money to defendants that was not due or owed. Plaintiff alleges it mistakenly sent checks to defendants as a result of a "typo." Plaintiff alleges it has demanded the return of this money, but defendants have refused to do so.

In order to sustain an action for money had and received Goodman must show that: (1) defendant received or obtained possession of plaintiff's money; (2) defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the gift was unjust. Pitman v. City of Columbia, 309 S.W.3d 395, 403 (Mo. Ct. App. 2010).

According to the complaint, Goodman inadvertently paid to Herb Haaf, Inc. $43,000.00 through the issuance of six checks: Check No. 175214 for $400.00; Check No. 175605 for $1,600.00; Check No. 849880 for $4,200.00; Check No. 850708 for $8,400.00; Check No. 853720 for $8,200.00; and Check No. 854517 for $20,200.00. The money represented by these checks was not due to Herb Haaf, Inc. and the checks were issued due to a "typo" in processing another service contractor's

6

warranty claims. On or about February 3, 2010, Goodman sent a letter to Herb Haaf, Inc. demanding the return of the $43,000.00, but defendant has refused to return the $43,000.00

Taking the facts outlined in the complaint as true, the Court finds that the Herb Haaf, Inc. has money in its possession that rightfully belongs to Goodman. The Court also finds that the affidavit and exhibits attached to plaintiff's motion for default judgment, together with the complaint, establish that Goodman is entitled to $43,000.00 in damages for its claim of money had and received against Herb Haaf, Inc. The Court will award plaintiff damages in the amount of $43,000.00 for its money had and received claim.

### *III. Conclusion*

In sum, the Court finds plaintiff is entitled to the entry of default judgment against Herb Haaf, Inc. in the amount of $18,850.00 for the breach of contract claim, and $43,000.00 for the money had and received claim, for a total judgment of $61,850.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Goodman Distribution, Inc.'s amended motion for default judgment against defendant Herb Haaf Heating & Cooling, Inc., is **GRANTED**. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff Goodman Distribution, Inc.'s motion for default judgment against defendant Herb Haaf Heating & Cooling, Inc., is **DENIED as moot**. [Doc. 66]

**IT IS FURTHER ORDERED** that plaintiff Goodman Distribution, Inc. is awarded damages in the amount of Sixty-One Thousand Eight Hundred Fifty Dollars ($61,850.00) against defendant Herb Haaf Heating & Cooling, Inc..

An appropriate judgment will accompany this memorandum and order.

                                                                            */s/ Charles A. Shaw*
                                                     **CHARLES A. SHAW**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated this   13th    day of February, 2013.